Rose Capone, executrix, *vs.* Anesta Caponi. February 7, 1966. This is an action of contract to recover the amount of a judgment entered in favor of the plaintiff's testatrix on June 7, 1920. The trial judge found for the defendant. The case is here on the plaintiff's exceptions. The equitable defence of laches raised by the defendant is not applicable to an action of contract based on a judgment. See *Haynes* v. *Blanchard,* 194 Mass. 244, 246. The only issue involved in the instant case was whether the judgment had been paid. This issue disappeared when the defendant admitted the judgment had not been paid. The judge was in error in not allowing the plaintiff's request that "The evidence requires a finding for the plaintiff."

*Exceptions sustained.*
*Judgment for the plaintiff.*

*Samuel Susser (Harris Altman* with him) for the plaintiff.
*Eugene F. Endicott* for the defendant.

Frank W. Sarnow, Jr. *vs.* Thelma C. Sarnow. February 7, 1966. This is an appeal by the libellant from a decree dismissing his libel for divorce for cruel and abusive treatment. The evidence is reported. The judge made a report of material facts. The libellant contends that a "delay of nearly a month between the hearing of the testimony of the husband and that of the wife . . . and the dismissal of the libel without awaiting a transcript of the husband's testimony . . . deprived the husband of a fair trial." The transcript shows that the attorney for the libellant stated to the judge that the delay was "through no fault of the Court." The judge was not obliged to await the receipt of a transcript of evidence, or any portion thereof, prior to rendering a decision. The libellant also contends that the judge improperly applied the doctrine of recrimination. The judge after finding that the libellee was not guilty of cruel and abusive treatment stated, "On the contrary, I find that the Libellant was guilty of cruel and abusive treatment toward the libellee." We are of opinion that the judge did not apply the doctrine of recrimination, and that his finding of cruel and abusive treatment by the libellant was not relevant to his decision. The finding that the libellee was not guilty of cruel and abusive treatment is decisive of the case. Although we might, based on the record, conclude that the libellee was guilty of cruel and abusive treatment, we cannot say that the judge was plainly wrong. *Goren* v. *Goren,* 310 Mass. 284, 285. *Levanosky* v. *Levanosky,* 311 Mass. 638, 639. *Liberty Mut. Ins. Co.* v. *A. C. Martinelli Rogers Plastic Corp.* 344 Mass. 498, 502.

*Decree affirmed.*

*Arthur H. Bloomberg (Lispenard B. Phister* with him) for the libellant.
*Daniel J. Buckley, Jr.,* for the libellee.