CHILD SUPPORT ENFORCEMENT DIVISION OF ALASKA[1] *vs.*
JOSEPH J. BRENCKLE, JR.

Suffolk. November 7, 1996. - February 6, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & MARSHALL, JJ.

*Uniform Reciprocal Enforcement of Support Act. Uniform Interstate Family Support Act. Statute,* Retroactive application. *Parent and Child,* Child support. *Laches.*

Discussion of the Uniform Interstate Family Support Act, G. L. c. 209D, inserted by St. 1995, c. 5, § 87, that replaced the Uniform Reciprocal Enforcement of Support Act, G. L. c. 273A. [217-218]

The provisions of the Uniform Interstate Family Support Act (UIFSA), G. L. c. 209D, inserted by St. 1995, c. 5, § 87, were applicable retrospectively to an action pending under the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA), G. L. c. 273A, on the date URESA was repealed and UIFSA became effective. [218-220]

Where the Alaska Superior Court properly exercised jurisdiction under the Uniform Interstate Family Support Act (UIFSA) to enter a judgment for child support against a father and the Alaska child support enforcement division complied with all UIFSA registration requirements in the Commonwealth, the support order was enforceable in the Commonwealth. [220-222]

A District Court judge correctly concluded that a father had an existing duty to support his child that could be enforced in Massachusetts; that he was obliged to reimburse all arrearages; and that the State of Alaska was authorized to pursue the action in Massachusetts on behalf of the mother. [222-224]

There was no merit to a father's claim that his former wife was barred by laches from pursuing child support obligations that had been previously reduced to judgments by operation of law. [225]

PETITION filed in the Brockton Division of the District Court Department on June 8, 1993.

The case was heard by *David G. Nagle,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Mary O'Sullivan Smith* for the defendant.

[1]On behalf of Carol A. Brenckle.

*Edward J. DeAngelo*, Assistant Attorney General, for the plaintiff.

MARSHALL, J. This case raises questions about the relationship between successive Massachusetts statutes for the interstate enforcement of child support orders. The child support enforcement division of Alaska brings the action on behalf of Alaska resident Carol A. Brenckle (Carol Brenckle) to collect unpaid child support payments from her former husband, Joseph J. Brenckle, Jr. (Brenckle), a resident of Marshfield. On appeal, Brenckle challenges findings of the District Court entered against him in the amount of $107,365 as determined under a 1991 judgment of the Alaska Superior Court (Alaska court) and enforced by the court below. We affirm the judgment and remand this matter to the District Court, where it shall be transferred to the Probate and Family Court Department for such other proceedings as may be necessary to enforce the judgment.

We summarize the pertinent facts. The couple was married on December 19, 1964, in California. In 1971, they moved to Alaska, where they had one child, Joseph J. Brenckle, III (son), who was born on July 16, 1974. In May, 1978, they filed a joint petition for divorce which was granted by the Alaska court on July 17, 1978.

Under the terms of the divorce agreement Carol Brenckle retained custody of their son, and Brenckle agreed to pay $500 each month for child support. The divorce agreement provided that child support would terminate when their son reached the age of majority,[2] and that the expenses for the child's education (preparatory school, college, and graduate school) would be shared jointly by both parents. The divorce agreement also provided for visitation arrangements between Brenckle and his son.

Soon after the divorce — the record is not specific — and in any event by January, 1979, Brenckle moved to Massachusetts, while Carol Brenckle remained in Alaska with their son. Brenckle made the required child support payments

---

[2]In both Alaska and Massachusetts the age of majority is eighteen years of age. See Alaska Stat. § 25.20.010 (Michie 1996); G. L. c. 4, § 7, Fifty-first.

for several months only.[3] It is undisputed that Brenckle made no child support payments after December, 1979. He stopped all payments at that time, he says, because one support payment sent to Carol Brenckle at her home address was returned to him marked "unclaimed," and he "assumed" either that she would contact him with a new address, or that "she no longer intended to accept the checks because of a changed and improved financial position." Brenckle apparently made no effort to determine whether his "assumption" was correct, or whether his support payments could be sent to an alternative address, such as the post office box mailing address listed by Carol Brenckle in the divorce agreement. According to Carol Brenckle, Brenckle had no communication with their son after May, 1979. Because she was financially able to support their son with her own earnings, she did not pursue enforcement of the delinquent child support obligations until their son prepared to go to college.

In 1991, when their son turned seventeen years old and began to make plans to enter college, Carol Brenckle filed an action in the Alaska court to recover the child support arrearages owed to her because she could not afford to support him in college.[4] Brenckle was provided notice of those proceedings and an opportunity to be heard, but he did not enter an appearance or contest the proceedings. On December 19, 1991, the Alaska court entered judgment against Brenckle in the amount of $75,000, with interest. He has not challenged the validity of that judgment.

On June 30, 1992, Carol Brenckle filed a petition in Alaska under the Uniform Reciprocal Enforcement of Support Act (URESA), Alaska Stat. §§ 25.25.010 — 25.25.100 (since re-

[3]The parties dispute the date of Brenckle's last payment of child support. He asserts that he made child support payments through December, 1979; Carol Brenckle maintains that the last support payment was made in May, 1979. Brenckle submitted copies of several "return receipt" certificates signed by Carol Brenckle in the last six months of 1979, but there is nothing to indicate the content of the mail she received. Brenckle's own affidavit concerning his 1979 child support payments is cursory and ambiguous. In any event, Brenckle has not challenged the amount of the judgment.

[4]Alaska law provides that unpaid periodic child support payments are judgments that become vested when each payment becomes due, Alaska Stat. § 25.27.225 (Michie 1996), and further provides for procedures for the collection of the past due payments by obtaining a judgment in the amount owed. Alaska Stat. § 25.27.226 (Michie 1996).

pealed), seeking to establish an enforcement order in Massachusetts, Brenckle's home State. The Alaska court certified the petition on September 18, 1992, and ordered it transmitted to the child support enforcement division of the Massachusetts Department of Revenue (department).·

The petition was entered in the Brockton District Court on June 8, 1993, and an order of notice was issued by that court to Brenckle and served on him in hand. On ·December 9, 1993, Brenckle filed his answer to the petition, and on March 4, 1994, he filed a motion to dismiss or for summary judgment. The District Court denied his motion on March 16, 1994.

On November 16, 1994, the District Court judge conducted a hearing on the merits of the case; no testimony was received and, by agreement of the parties, the matter was submitted on memoranda and affidavits. On February 10, 1995, the judge found Brenckle liable in the amount of $107,365, the amount of the 1991 Alaska judgment with interest. Brenckle appealed. We transferred his appeal here on our own motion.

This case reaches us in unusual circumstances. URESA, codified at G. L. c. 273A, this Commonwealth's previous statutory mechanism for issuing, modifying and enforcing interstate child support orders, was repealed on February 10, 1995, the same date that the judgment entered in the District Court. At the same time URESA was replaced by the Uniform Interstate Family Support Act (UIFSA), codified at G. L. c. 209D, inserted by St. 1995, c. 5, § 87. We consider first which law applies to this appeal.

UIFSA was approved by the National Conference of Commissioners on Uniform State Laws in 1992, and has since been adopted by twenty-six States, including Alaska and Massachusetts.[5] 9 U.L.A. 255 (Master ed. Supp. 1996). See G. L. c. 209D; Alaska Stat. §§ 25.25.101 (Michie 1996). It was developed to improve the two prior uniform laws concerning enforcement of family support orders, URESA and the Revised Uniform Reciprocal Enforcement of Support Act

[5]As a condition for receiving Federal funding for Aid to Families with Dependent Children all States are now required to adopt UIFSA by January 1, 1998. 42 U.S.C. § 666 (f), inserted by Pub. L. No. 104-193, § 321, 110 Stat. 2221 (1996).

(RURESA).[6] See Note, The Uniform Interstate Family Support Act: The New URESA, 20 U. Dayton L. Rev. 425, 448 (1994). UIFSA aims to cure the problem of conflicting support orders entered by multiple courts, and provides for the exercise of continuing, exclusive jurisdiction by one tribunal over support orders. See Levy & Hynes, Highlights of the Uniform Interstate Family Support Act, 83 Ill. B.J. 647 (1995). Under UIFSA, once one court enters a support order, no other court may modify that order for as long as the obligee, obligor, or child for whose benefit the order is entered continues to reside within the jurisdiction of that court unless each party consents in writing to another jurisdiction. See G. L. c. 209D, § 2-205; Alaska Stat. § 25.25.205 (Michie 1996).

The parties' submissions to the District Court addressed their claims only under URESA, and we assume that the findings of the District Court were made pursuant to URESA. Alaska now argues that UIFSA applies to this appeal, and that even if URESA applies, the findings of the District Court must be affirmed. The core argument advanced by Brenckle is that the District Court was precluded by URESA from entering a judgment against him for child support arrearages, first, because at the time the order was entered in the court below he owed no duty of support to his child[7] ; and second, because URESA did not provide for the collection of child support arrearages. He does not address any of Alaska's UIFSA arguments.

The Massachusetts codification of UIFSA refers to its predecessor URESA only once. General Laws c. 209D, § 2-207 (*c*), provides that any URESA action that is "pending or was previously adjudicated" in the District Court or Boston Municipal Court Department "may be transferred to the probate and family court department" by any party or by a child support enforcement agency, and that "[u]pon transfer" the pro-

---

[6]The Commonwealth never adopted the Revised Uniform Enforcement of Support Act. 9B U.L.A. 91 (Master ed. Supp. 1996).

[7]Brenckle argues that his duty to support his son terminated on July 15, 1992, when his son reached the age of majority. See *Apkin* v. *Treasurer & Receiver Gen.*, 401 Mass. 427, 428 n.3 (1988).

visions of UIFSA shall apply. G. L. c. 209D, § 2-207 (c).[8] It is clear that the Legislature intended that all URESA proceedings in the Commonwealth be moved to a single trial department, and that all URESA proceedings, whether pending or previously adjudicated, be subject to the provisions of UIFSA. This is consistent with the fundamental purpose of UIFSA: to "create a uniform basis for jurisdiction so that . . . only one support order is in effect at any one time," and to "limit the number of tribunals having jurisdiction to modify a child support order." 1995 House Doc. No. 255 at 24. We must nevertheless resolve whether UIFSA can be applied retroactively to this case.

The retroactive application of a statute is a subject we have addressed on many occasions. We have applied the rule described in *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914): "The general rule of interpretation is that all statutes are prospective in their operation, unless an intention that they shall be retrospective appears by necessary implication from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existing rights, remedies and obligations. . . . It is only statutes regulating practice, procedure and evidence, in short, those relating to remedies and not affecting substantive rights, that commonly are treated as operating retroactively, and as applying to pending actions or causes of action."

It was the express intention of the Legislature that UIFSA be applied retrospectively; its provisions govern any URESA action that is "pending or was previously adjudicated." It is also clear that UIFSA, like its predecessor URESA, does not create a duty of support,[9] but rather provides the procedural framework for enforcing one State's support order in another

---

[8]We note that this subsection of UIFSA is not part of the uniform law as drafted by the National Conference of Commissioners on Uniform State Laws and was added by the Massachusetts Legislature. See § 207 of UIFSA, 9 U.L.A. 278 (Master ed. Supp. 1996).

[9]See *Keene* v. *Toth*, 335 Mass. 591, 593 (1957) ("[URESA's] purpose is to provide an effective procedure to compel performance by a person who is under a duty to support dependents in another State"). See also *Edwards* v. *Lateef*, 558 A.2d 1144, 1147 (D.C. 1989) (URESA does not "affect or amend a substantial right," and is properly characterized as remedial); *Scully* v. *Schubert*, 155 Vt. 327, 330 (1990) ("URESA has a remedial purpose and should be construed liberally to effectuate its objectives").

jurisdiction. As a remedial statute, and one not affecting substantive rights, it is proper that UIFSA should be applied retroactively.[10] *Hein-Werner Corp.* v. *Jackson Indus.*, 364 Mass. 523, 525 (1974), and cases cited. We recognize that there are limitations to the extent to which even procedural or remedial statutes will operate retroactively. See *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 627 (1974); *Martell* v. *Moffatt*, 276 Mass. 174 (1931). We have examined Brenckle's claims under both UIFSA and URESA; because we conclude that none of his substantive rights is impaired by proceeding under either statute, it is particularly appropriate to apply UIFSA retroactively in this case.

We turn now to consider whether the Alaska judgment against Brenckle can be enforced under UIFSA. We begin by recognizing that under UIFSA the Alaska court had jurisdiction over Brenckle to issue its 1991 judgment. The son is a resident of Alaska, and Brenckle resided with him in that State from his birth in 1974 until Brenckle moved to Massachusetts. Under UIFSA personal jurisdiction may be exercised by a State tribunal if an individual resided with a child in that State. Alaska Stat. § 25.25.201(3). See G. L. c. 209D, § 2-201 (3). Moreover, as we noted before, Brenckle has never contested the validity of the Alaska judgment and does not do so now.

Brenckle argues that before it could enforce the Alaska judgment the District Court was required to make an independent finding that he owed a duty of support to his son. No independent finding is required. Under UIFSA a support order issued by a tribunal[11] of another State may be registered in a tribunal of the Commonwealth ("responding tribunal,"

---

[10]Alaska argues that "[i]t does not matter" whether the District Court entered its order before or after UIFSA was enacted and that "it does not matter" that the action has not been "formally" transferred to the Probate and Family Court department. In holding, as we do, that UIFSA applies to these proceedings, we do not mean to suggest that the procedural requirements of the statute can be ignored. However, because the District Court's finding was entered on the same day that URESA was repealed, and because UIFSA does not address specifically a URESA case pending on appeal, we conclude that the transfer requirements of c. 209D, § 2-207 (*c*) are not violated in this case.

[11]The UIFSA defines "[t]ribunal" as "a court, administrative agency, or quasi-judicial entity authorized to establish, enforce, or modify support orders or to determine parentage." G. L. c. 209D, § 1-101 (22).

§ 1-101 [17]) for enforcement. G. L. c. 209D, § 6-601. The Alaska judgment is just such an order. The procedure for registration is set forth in G. L. c. 209D, § 6-602.[12] Carol Brenckle and the child support enforcement division of Alaska have complied with all of the UIFSA registration requirements, and provided all of the information required to register the Alaska support order in Massachusetts. Once registered, the Alaska order is enforceable in the same manner, and is subject to the same procedures, as an order issued by a Massachusetts court. G. L. c. 209D, § 6-603 (*b*). UIFSA requires no de novo or independent review by a Massachusetts court whether Brenckle owes a duty of support to his son. Indeed, requiring an independent finding of a duty of support when an Alaska court has already made that determination would impede and frustrate the purpose of UIFSA.[13]

Under UIFSA, a party contesting the validity or enforcement of a registered order or seeking to vacate the registration, has the burden of proving one or more of the defenses

---

[12]General Laws c. 209D, § 6-602, provides, in pertinent part: "(*a*) A support order . . . of another state may be registered in the commonwealth by sending the following documents and information to the appropriate tribunal in the commonwealth: (1) a letter of transmittal to the tribunal requesting registration and enforcement; (2) two copies, including one certified copy, of all orders to be registered, including any modification of an order; (3) a sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage; (4) the name of the obligor and, if known: (i) the obligor's address and social security number; (ii) the name and address of the obligor's employer and any other source of income of the obligor; and (iii) a description and the location of property of the obligor in the commonwealth not exempt from execution; and (5) the name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted. (*b*) On receipt of a request for registration, the registering tribunal shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form."

[13]It would also deny the court issuing the support order the "full faith and credit" of its judgment in violation of art. IV, § 1 of the United States Constitution, and would violate the full faith and credit of child support orders act, 28 U.S.C. § 1738B (1994), which requires the appropriate authorities of each State to enforce child support orders made by the *initiating court of another State, provided that the court had subject matter* jurisdiction and personal jurisdiction, and that the parties had reasonable notice and opportunity to be heard. *Id*. at § 1738B (c). The statute forbids State child support enforcement authorities from modifying another State's child support order except in limited circumstances. 28 U.S.C. § 1738B (a)(2), (e) (1994).

specifically provided by G. L. c. 209D, § 6-607.[14] Brenckle has not articulated his claims as "defenses" under UIFSA. Nevertheless, we have reviewed all of the claims that he has made, both in the court below and on appeal, as well as the record supporting such claims, and conclude that none of his claims is sufficient to constitute a valid defense under UIFSA. The Alaska child support order must be enforced. G. L. c. 209D, § 6-608.

While we hold that UIFSA is the statute applicable to these proceedings, we shall review each of Brenckle's claims under URESA. We do so because it is arguable that some of the claims he makes under URESA could be viewed as defenses under UIFSA. Moreover, had URESA precluded enforcement of the Alaska judgment, it is arguable that the application of UIFSA to this appeal could have affected Brenckle's substantive rights. We conclude that his claims under URESA also lack merit and that the District Court was correct in finding that the Alaska judgment could be enforced under URESA.

We turn first to consider again his argument that the District Court was required to make an independent finding that he had an existing duty of support at the time of the Massachusetts proceedings because URESA, unlike UIFSA, did require such a finding. For several independent and sufficient reasons the court below was correct to conclude that Brenckle did owe a duty of support that could be enforced in Massachusetts under URESA. First, URESA defined a duty of support as "any duty of support imposed by law, or by any court order, decree or judgement." G. L. c. 273A, § 1, repealed by St. 1995 c. 105. The court order obtained by Carol Brenckle in Alaska itself constituted a duty of support, and the District Court could have so found. Moreover, Brenckle's interpretation of his divorce agreement is unpersuasive. The Alaska judgment was obtained by Carol Brenckle before their son reached the age of majority, and there was no requirement under URESA that the child remain a minor while the

---

[14]These defenses are: "(1) the issuing tribunal lacked personal jurisdiction over the contesting party; (2) the order was obtained by fraud; (3) the order has been vacated, suspended, or modified by a later order; (4) the issuing tribunal has stayed the order pending appeal; (5) there is a defense under the law of the commonwealth to the remedy sought; (6) full or partial payment has been made; or (7) the statute of limitations . . . precludes enforcement of some or all of the arrearages." G. L. c. 209D, § 6-607 (*a*).

custodial parent pursued the father for delinquent support payments. In addition, the divorce agreement specifically provided that Brenckle would contribute to his son's college and graduate school expenses, and it was for this very purpose that Carol Brenckle was seeking support.[15]

Brenckle next maintains that the District Court could not find him liable because URESA did not provide explicitly for the payment of child support arrearages. We do not agree. URESA provided that the responding State, here Massachusetts, "may order the respondent to furnish support *or reimbursement therefor*" when presented with a child support judgment of another State (emphasis supplied). G. L. c. 273A, § 10. To pay for their son's college expenses Carol Brenckle sought "reimbursement" for the support that she had provided to him over many years in the absence of all support from his father. Although URESA does not use the word "arrearages," there is nothing talismanic about that term and Carol Brenckle was fully entitled to invoke URESA to obtain reimbursement for the support she alone had provided to their son. See *Tande* v. *Bongiovanni,* 139 Ariz. 346, 348 (Ct. App.), aff'd in part, 142 Ariz. 120 (1994). Moreover, while URESA was in effect, the Legislature established a child support enforcement division within the department,[16] which was authorized to institute collection procedures for "all arrearages" that had accrued against child support payments owed pursuant to a judgment or support order, includ-

---

[15]Even in the absence of the express agreement between the Brenckles, the District Court could have found Brenckle liable under Massachusetts law to support his son in college. Our law provides that a "court may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependant upon said parent for maintenance," and that a court may order support for "any child who has attained age twenty-one but who has not attained age twenty-three, if such child is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance due to the enrollment of such child in an educational program." G. L. c. 208, § 28. The District Court had the authority to order Brenckle to make the payments to Carol Brenckle for the support of their son.

[16]See Title IV, Part D of the Social Security Act of 1974, 42 U.S.C. § 654(6) (1994). G. L. c. 119A, inserted by St. 1986, c. 310, § 10B.

ing URESA orders. G. L. c. 119A, § 6 (a).[17] The Legislature would not have granted such authority to the department if it did not intend to compel payment of arrearages sought under URESA.

Brenckle next argues that because Alaska did not provide any support to Carol Brenckle it had no standing to bring this action. He relies on § 5 of URESA, G. L. c. 273A, § 5, now repealed, which provided that "[w]henever any state or political division thereof has furnished support to an obligee it shall have the same right to commence proceedings under this chapter . . . ." While URESA conferred on a State the ability to collect payments it had made, such payments are not a condition precedent for the right of the State to bring an action against a delinquent parent. Massachusetts has a strong interest in ensuring that child support payments are made by the responsible parent. Absent a specific statutory exception we decline to conclude that the Legislature intended to create any barrier to the collection of support payments.[18] Alaska was authorized to pursue this action on behalf of Carol Brenckle.

Finally, Brenckle argues that, because Carol Brenckle declined to request the assistance of the Alaska child support enforcement division at the time the marriage was dissolved,[19] she is precluded from seeking its assistance now. His argument finds no support in the language of the statute, and we are aware of no holding to that effect.

---

[17]On the repeal of URESA and the enactment of UIFSA, G. L. c. 119A, § 6, was amended, St. 1995, c. 5, § 62, and now provides procedures for the enforcement of judgments or for the enforcement of support or custody orders entered under UIFSA.

[18]We observe that Federal law requires State child support enforcement agencies to provide services to all constituents, regardless whether the particular constituent receives financial assistance from the State. 42 U.S.C. § 654 (6) (1995). Under prior Alaska law, its child support enforcement division was authorized to administer and enforce URESA, Alaska Stat. § 25.27.020 (3), and was required to provide services to any petitioner seeking support pursuant to that statute. Alaska Stat. § 25.27.020 (7) (Michie 1996). Effective January 1, 1996, Alaska is authorized by UIFSA to follow the procedures set forth in URESA. Alaska Stat. § 25.27.020 (3) (Michie 1996). The Massachusetts child support enforcement division provides the same services to aggrieved parties in this Commonwealth. See G. L. c. 119A, § 6.

[19]In their petition for the dissolution of their marriage, the couple agreed that it was "not necessary" for child support payments to be made through the Alaska child support enforcement division.

In addition to his claims under URESA, Brenckle argues that his former wife is barred by laches from pursuing him for unpaid child support obligations because she "slumbered on her rights" for thirteen years, made no attempt to contact him for support payments, and because she "consciously chose to forfeit" her rights to collect child support payments from him.[20] We disagree. Because Brenckle's failure to make child support payments became vested as judgments by operation of law, the defense of laches is not available to him. *Capone* v. *Caponi*, 350 Mass. 766 (1966).[21] Moreover, for more than fifteen years Brenckle has failed absolutely to fulfil the duties that he owes to his son. Even now Brenckle attempts to relieve himself of all of his responsibilities to his son, including the payment for his son's college education to which he agreed at the time of the divorce. We decline to hold that a child forfeits the protection of one parent because the custodial parent does not take immediate measures to enforce delinquent child support obligations.

We affirm the judgment of the District Court. The case is remanded to the District Court where it shall be transferred to the Probate and Family Court Department for such other proceedings as may be necessary to enforce the judgment.

*So ordered.*

---

[20]Brenckle has never claimed that any statute of limitations precludes this enforcement action. As the statute of limitations is one of the defenses recognized under UIFSA, we pause to note that no such claim is available to him. The Legislature has determined that a delinquent payment of child support is "a judgment by operation of law." G. L. c. 119A, § 13 (*a*). This statute applied to URESA and is now applicable to the provisions of UIFSA. *Id.* Alaska law is to the same effect. Alaska Stat. § 25.27.225 ("A support order ordering a noncustodial parent obligor to make periodic support payments to the custodian of a child is a judgment that becomes vested when each payment becomes due and unpaid"). The statute of limitations in Massachusetts for enforcement of judgments is twenty years. G. L. c. 260, § 20. However calculated, these proceedings were commenced within the applicable time period.

[21]See also G. L. c. 119A, § 13 (*a*), (*d*), which provides that any payment or instalment of support implemented under UIFSA is entitled to full faith and credit by the courts of this Commonwealth. Federal law also requires that the Commonwealth afford full faith and credit to child support orders issued by other States. 28 U.S.C. § 1738B (a).