■ In the Matter of GISELA STROM, Appellant, v PETER LOMTEVAS, Respondent. [814 NYS2d 679]—

In a child support proceeding pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B), the mother appeals from an order of the Family Court, Queens County (Lubow, J.), dated August 10, 2005, which denied her objections to an order of the same court (Kirshblum, S.M.), dated June 6, 2005, which granted the father's motion to dismiss the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the objections are sustained, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.

The parties were divorced in New York in November 1987 pursuant to a resettled judgment of divorce which provided that the father was to pay the sum of $50 per week in child support. The resettled judgment additionally provided that "the Supreme Court retains jurisdiction with respect to custody, alimony, support and visitation as it finds appropriate under the circumstances and the Family Court shall not have concurrent jurisdiction."

The mother, who subsequently remarried and relocated to Germany, filed a petition on October 8, 2002, inter alia, to enforce the support provision of the resettled judgment of divorce under the Uniform Interstate Family Support Act (here-

inafter the UIFSA), article 5-B of the Family Court Act. The Family Court received the petition pursuant to UIFSA. The Support Magistrate granted the father's motion to dismiss the petition, finding that pursuant to the resettled judgment of divorce, it did not have subject matter jurisdiction. The Family Court denied the mother's objections to the Support Magistrate's order, and the mother appealed. We reverse.

In 1996 Congress mandated that each state enact the UIFSA, in order to ensure uniformity in interstate actions for the establishment, enforcement, and modification of child support and spousal support orders (*see* 42 USC § 666 [f]). The Federal Public Health and Welfare Law, codified at 42 USC § 666, mandates each state to designate a tribunal to adjudicate matters under the UIFSA. New York mandated the Family Court as the UIFSA tribunal (*see* Family Ct Act §§ 580-102, 411). In 1997, when New York adopted the UIFSA, and as originally enacted, the UIFSA only applied prospectively. In 1998, however, the Legislature amended Family Court Act § 580-904 to apply the UIFSA retroactively (*see* Senate Mem in Support, L 1998, ch 214, McKinney's 1998 Session Laws of NY, at 1669 [amending Family Ct Act § 580-904 to "clarify that actions and pleadings filed and orders issued prior to the effective date of UIFSA will be governed by UIFSA"]; *see also Matter of Marino S.*, 100 NY2d 361, 370-371 [2003]; *Matter of Rose Marie W. v Floyd J.*, 184 Misc 2d 448, 451-452 [2000]; *Child Support Enforcement Div. of Alaska v Brenckle*, 424 Mass 214, 219-220, 675 NE2d 390, 393 [1997]; *Welsher v Rager*, 127 NC App 521, 527-528, 491 SE2d 661, 664-665 [1997]). Thus, although the parties' resettled judgment of divorce, which vested exclusive enforcement jurisdiction with the Supreme Court, was issued before the effective date of the UIFSA, the UIFSA and Family Court Act § 580-102 now govern the resettled judgment's provision for child support with jurisdiction established in the Family Court.

Since the Family Court is the exclusive UIFSA enforcement tribunal (*see* Family Ct Act §§ 580-102, 411), the provision of the 1987 resettled judgment of divorce, which vests the Supreme Court with exclusive jurisdiction, is inconsistent with the retroactively-applied state law and is rendered null and void. We therefore reinstate the petition and remit the matter to the Family Court, Queens County, for further proceedings on the petition. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.