NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-902

ARTHUR A. BOYLE

vs.

CHERYL A. BOYLE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The former wife filed a contempt complaint in the Probate and Family Court after her former husband failed to pay her a percentage of his pension as required by a divorce judgment. After an evidentiary hearing, a Probate and Family Court judge found the husband in contempt. The husband appeals, and we affirm.

1. Background. The parties, Arthur and Cheryl Boyle, married in 1974. Arthur retired from the Lowell police department in 2002, and he and Cheryl selected "Option (c), Joint and Last Survivor Allowance" under G. L. c. 32, § 12 (2), which provided for a "lesser retirement allowance" during Arthur's lifetime with a survivor benefit for Cheryl. Thereafter, Arthur received monthly pension payments.

Four years later, in 2006, the parties divorced by a judgment nisi that incorporated a separation agreement prepared by Arthur's lawyer. Cheryl represented herself. The agreement, which did not merge with the judgment, provided: "The parties to this Agreement each agree that Wife will be entitled to Twenty Percent (20%) of Husband's pension, while Husband is alive, as provided by the Lowell Retirement System." No one submitted a Qualified Domestic Relations Order to the Lowell Retirement System. Arthur never paid Cheryl her twenty percent share. At some point, Cheryl learned that the Lowell Retirement System did not "put aside" her share, and she asked Arthur about the pension. In 2010, Cheryl broached the subject of the pension once again, and Arthur gave her $10,000.

On March 9, 2020, Cheryl filed a complaint for contempt in the Probate and Family Court and alleged that Arthur failed to comply with the terms of the divorce judgment as it pertained to the pension provision. In opposition, Arthur raised three arguments at an evidentiary hearing: (1) the agreement was the result of a mistake by the parties; (2) the agreement was ambiguous; and (3) the parties "had a deal" that superseded the agreement. A judge found Arthur in contempt of the 2006 divorce judgment and ordered him to pay to Cheryl past due pension payments, interest, and attorney's fees.

On appeal, Arthur raises four claims: (1) the agreement was ambiguous; (2) he did not disobey a clear command of the court; (3) laches bars Cheryl's claim; and (4) enforcement of the agreement will result in unjust enrichment.

2. Discussion. Civil contempt requires a "clear and undoubted disobedience of a clear and unequivocal command" (citation omitted). Birchall, petitioner, 454 Mass. 837, 853 (2009). A court considers "the totality of the circumstances." Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018), quoting Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009). We review the ultimate finding of civil contempt for an abuse of discretion, "but we review underlying conclusions of law de novo and underlying findings of fact for clear error." Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018). We discern no abuse of discretion and no error in the judge's findings and conclusions.

The language of the agreement is not susceptible to any ambiguity. As the judge concluded, the separation agreement was "clear and unambiguous." The plain language of the agreement "entitled" Cheryl to "Twenty Percent (20%) of Husband's pension, while Husband is alive." Contrast King v. Cerbone, 101 Mass. App. Ct. 783, 791 (2022) (contempt order vacated where "divorce judgment did not explicitly address the contested issue"); Sax v. Sax, 53 Mass. App. Ct. 765, 771-772 (2002) (contempt

3

complaint properly dismissed where "take no action" provision lacked fair notice of prohibited conduct).  While the separation agreement is silent on the precise mechanism of the payment to Cheryl, "silence of the contract" on a particular point is not the equivalent of an ambiguity.  Cramer v. Hirsch, 18 Mass. App. Ct. 986, 987 (1984).  The agreement incorporated by the judgment apportioned to Cheryl twenty percent of Arthur's pension that he collected each month.  Logically, Arthur, who received the entire monthly pension distribution (including Cheryl's share), had a "clear and unequivocal command" to pay Cheryl her share. Birchall, petitioner, 454 Mass. at 853.  The various methods he could have chosen to carry out this command is immaterial in light of the fact that he did not employ any method to carry out the command, even after Cheryl requested compliance.

The record also supports the conclusion that Arthur's failure to pay constituted clear and undoubted disobedience. Arthur repeats the claim he made below "that both parties were acting under the auspices of a deal" that superseded the agreement.  This claim fails for at least three reasons.  First, the judge did not credit Arthur's testimony that the parties had a superseding agreement.  Second, the settlement agreement expressly contradicts Arthur's assertion:  "[I]t being the intention of the parties that henceforth there shall exist as between them only rights and obligations as are specifically

4

provided for in this Agreement and in any [court] judgments. . . . The Husband and Wife agree that there have not been made, and that they have not relied upon any promises, warranties, or representations except as expressly contained herein." Third, "the totality of the circumstances" demonstrate that Arthur understood his obligation to pay but declined to do so. Smith, 93 Mass. App. Ct. at 363. The separation agreement was not conceived in a vacuum. At the time of the agreement, Arthur had been collecting his monthly pension for four years. The agreement and judgment "entitled" Cheryl to twenty percent of that pension income. After not receiving any payments from Arthur, Cheryl asked Arthur about the pension. In 2010, Cheryl broached the subject of the pension once again, and Arthur made a single payment of $10,000. The simple and straightforward language of the agreement coupled with the parties' "post-agreement conduct" show that Arthur fully appreciated the basis of his obligation to pay Cheryl. Sax, 53 Mass. App. Ct. at 772. This is not a case where a party's failure to act has a viable explanation other than defiance. See Voorhis v. Relle, 97 Mass. App. Ct. 46, 54 (2020) (contempt order unwarranted where "disputed sums were not cash bonuses subject to the additional alimony provision of the separation agreement"); Hinds v. Hinds, 4 Mass. App. Ct. 63, 66 (1976) (contempt order unwarranted where

5

husband failed to convey property by date not specified in order).

For the first time on appeal, Arthur argues theories of unjust enrichment and laches.  The unjust enrichment issue is waived as never having been raised prior to the appeal.  "An issue not raised or argued below may not be argued for the first time on appeal."  Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989). Although he raised laches as a one-word affirmative defense, Arthur did not argue the defense below.  This issue is therefore waived as well.  National Shawmut Bank v. McGlinn, 254 Mass. 308, 312 (1926) (issue raised by answer but "not pressed" is waived).  Even if we generously construed Arthur's argument below as encompassing a laches component, the claim on appeal fails because Arthur's payment obligation vested as a judgment of the Probate and Family Court, and laches is not available as a defense.  See Capone v. Caponi, 350 Mass. 766, 766 (1966); Lombardi v. Lombardi, 68 Mass. App. Ct. 407, 414 (2007).

Arthur also advanced an additional theory during oral argument.  He claimed that there was no contempt because the divorce judgment did not require Arthur to take any action. Instead, so the argument goes, the judgment merely entitled Cheryl to a future share in Arthur's pension, and it was incumbent on her, if she wanted to collect that share, to take

action such as submitting a Qualified Domestic Relations Order to the Lowell Retirement System.  Arthur contends the divorce judgment required him only to cooperate with Cheryl's effort to obtain her share.  Counsel for Arthur acknowledged that this argument was not briefed by prior counsel.  We decline to consider an argument that has not been briefed by the parties. See Trustees of Beechwood Village Condominium Trust v. US Alliance Fed. Credit Union, 95 Mass. App. Ct. 278, 287 n.20 (2019).  See also Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").  Even if we considered this argument, Arthur's claim still fails, because he did nothing to comply with the judgment even after Cheryl requested compliance.

3.  Conclusion.  The hearing judge did not abuse his discretion by finding Arthur in contempt.  Cheryl's request for appellate attorney's fees is allowed.  G. L. c. 215, § 34A (a). See Eldim, Inc. v. Mullen, 47 Mass. App. Ct. 125, 131 (1999) (fees expended on appeal part of pecuniary injury suffered as result of "disobedience of the court order").  Accordingly, Cheryl may submit a petition for appellate attorney's fees, accompanied by appropriate supporting documentation, within fourteen days of the date of the rescript, and Arthur may file a

7

response within fourteen days thereafter.  See <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).[1]

<u>Judgment affirmed</u>.

By the Court (Green, C.J.,
  Ditkoff & Hodgens, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered: October 18, 2023.

---

[1] Cheryl argued in her brief that the contempt judgment should be modified to include pension payments to the date of the separation agreement.  She did not file a cross appeal from the judgment, and her counsel at oral argument conceded this issue is not properly before us.

[2] The panelists are listed in order of seniority.