**SYLVIA ANETA HENRY, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 322-1973

District Court of the Virgin Islands

Div. of St. Croix

January 13, 1975

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

CURTIS E. TATAR, ESQ., Assistant Attorney General, St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

### MEMORANDUM OPINION
### AND
### ORDER IN LIMINE

Plaintiff has brought this action under the wrongful death statute, as amended April 29, 1974, in her capacity as Administratrix of her deceased husband's estate. The ad damnum clause of the complaint seeks to recover for the benefit of the decedent's survivors and estate all damages as specified in Title 5, Chapter 5 of the Virgin Islands

Code. The complaint names the plaintiff as the widow and also names the four minor children of the decedent.

Although the estate and all potential beneficiaries are identified in the complaint and the complaint seeks to recover damages now recoverable under the amendment to the Code pertaining to actions for wrongful death (Act No. 3556 of the Tenth Legislature, approved April 29, 1974), plaintiff nonetheless seeks an order in limine resolving the question whether the amendment should be applied retroactively to the death in this action, which death occurred September 10, 1972. This action was filed May 22, 1973. My ruling on this threshold question is that Act No. 3556 dated April 3, 1974 and approved April 29, 1974 is remedial legislation and is intended to apply to causes of action accruing before the date of its enactment. It therefore should be applied retroactively to the cause of action sub judice.

Act 3556 reversed the interpretation given to the Virgin Islands Wrongful Death Act, 5 V.I.C. § 76 in the case of Williams v. Dowling, 318 F.2d 642 (3rd Cir. 1963). In that case the Third Circuit held that no damages could be awarded for bereavement, sorrow and mental anguish; only *pecuniary* losses were recoverable. The amendment provides that the surviving spouse may recover for loss of companionship and protection and for mental pain and suffering and that minor children of decedent may recover for lost parental companionship, instruction and guidance and for mental pain and suffering.

Section 1(a) of Act 3556 expresses the policy of the legislature:

It is the public policy of the Territory to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer. Subsections (b) through (j) hereof are remedial and shall be liberally construed.

Remedial legislation is generally retroactive and is not

subject to the rule of statutory construction that laws are presumed to be prospective. Silverlight v. Huggins, 9 V.I. 123 (D.V.I. 1972) remanded on other grounds, No. 73-1008, November 27, 1973 (3rd Cir.).

Act 3556 is taken word for word from the Florida Wrongful Death Act. Fla. Stat. §§ 768.16–768.27 except the Virgin Islands Legislature omitted F.S.A. 768.27 which stated the Florida Act was prospective only. This omission gives rise to a strong inference that the Virgin Islands Legislature intended the statute to apply retroactively.

Even though the amendment is to be applied retroactively, it does not revive causes of action barred by the two year limitations period for wrongful death actions. The amendment applies to all pending wrongful death actions and to wrongful death actions accruing prior to the date of enactment of the amendment as to which the limitations period is not a bar.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that plaintiff may introduce proof of damages in the case sub judice relating to the elements of damages set out in Act 3556 amending the Virgin Islands Wrongful Death Act, 5 V.I.C. § 76.