MOLLIE DIANE PEDDAR *vs.* JOHN LEONARD PEDDAR.

No. 96-P-158.

Middlesex. April 11, 1997. - July 22, 1997.

Present: PERRETTA, GILLERMAN, & KASS, JJ.

*Divorce and Separation,* Child support, Foreign judgment, Jurisdiction. *Jurisdiction,* Modification of divorce judgment.

In an action brought in Massachusetts, seeking modification of a Georgia divorce judgment with respect to child support and arising under the provisions of G. L. c. 209D, the Uniform Interstate Family Support Act, as in effect in 1995, where Georgia was the only State that had issued a child support order, § 2-207 of the act mandated that Georgia had continuing exclusive jurisdiction over the mother in Massachusetts and the father in Georgia regarding child support orders, and the action was correctly dismissed. [193-196]

COMPLAINT for modification of a foreign divorce judgment filed in the Middlesex Division of the Probate and Family Court Department on April 14, 1995.

The case was heard by *Judith Nelson Dilday,* J., on a motion to dismiss.

*David E. Cherny* for the plaintiff.

*David H. Lee (Robert J. Rivers, Jr.,* with him) for the defendant.

GILLERMAN, J. The plaintiff and the defendant, formerly wife and husband, were divorced by a judgment entered in the Superior Court of the State of Georgia in 1988. That judgment of divorce settled the rights of the parties, including provisions regarding child support. There is no challenge in these proceedings to the validity of the Georgia judgment.

In 1990, the plaintiff moved to Massachusetts with the children of the marriage, and they now reside within the Commonwealth. In 1995, the plaintiff filed a complaint for modifica-

tion of the Georgia divorce judgment pursuant to G. L. c. 208, § 29.[1] Her complaint seeks, inter alia, modifications to the orders of the Georgia Superior Court regarding child support. Relying on the Full Faith and Credit for Child Support Orders Act, Pub. L. 103-383, 108 Stat. 4064 (1994), codified at 28 U.S.C. § 1738B (1994) (the Federal act),[2] which the defendant set up in his motion to dismiss the complaint,[3] the judge dismissed, for lack of subject matter jurisdiction, so much of the complaint as related to the child support orders.[4] The plaintiff filed a timely appeal from the allowance of the defendant's motion to dismiss.[5]

The threshold question is whether a Massachusetts court has personal jurisdiction over the defendant who, it is undisputed, continues to reside in Georgia. Massachusetts does, if the facts of the case come within the provisions of either G. L. c. 223A, § 3, see *Burtner* v. *Burnham*, 13 Mass. App. Ct. 158, 161-162

---

[1]While the action was brought under G. L. c. 208, § 29, the parties have argued the case as though it arose under c. 209D. They were correct in doing so. When, as here, the pivotal question is which jurisdiction — Georgia or Massachusetts — has continuing exclusive jurisdiction to modify a child support order, the answer must be derived from c. 209D, which deals directly with cases involving the conflicting jurisdictional claims of two or more jurisdictions. Thus we will treat the defendant's failure to argue the inapplicability of c. 208, § 29, as a waiver of any procedural objection to the complaint.

[2]The Federal act was amended in 1996 by Pub. L. 104-193, Title III, § 322, 110 Stat. 2221 (1996). Neither party argues the applicability of the 1996 amendments, and we do not decide the case on the basis of those amendments. We note, however, that were those amendments applicable to this case, the result would not be different from the result we reach in this case applying the 1994 statute. Under § 1738B, as amended in 1996, the analysis would be: Georgia issued a valid child support order; the defendant continues to reside in Georgia; Massachusetts, as matter of Federal law, would be precluded from modifying that order; and Georgia has continuing exclusive jurisdiction over its order. See subsections (c) through (f) of § 1738B, as amended in 1996.

[3]Earlier in these proceedings, the defendant filed a motion to dismiss which asserted lack of personal and subject matter jurisdiction but did not refer to the Federal act. This first motion to dismiss was denied. No appeal was filed from that order.

[4]Neither party suggests that this decision is not ripe for appellate review. In any event, we elect to entertain the appeal, which presents issues of public importance. See *Packard* v. *Packard*, 34 Mass. App. Ct. 543, 544 n.2 (1993).

[5]The plaintiff also filed an appeal from the denial of her motion for reconsideration of the allowance of the defendant's motion to dismiss. Any issues presented by that appeal are resolved by our opinion affirming the allowance of the motion to dismiss.

(1982), citing *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 6 (1979), or within § 2-201 of G. L. c. 209D, the Uniform Interstate Family Support Act (the uniform act), as inserted by St. 1995, c. 5, § 87.[6]

The plaintiff claims only under § 2-201, and she does so by having filed an affidavit which alleges facts that the defendant concedes in his brief "arguably confer[] personal jurisdiction over Mr. Peddar. . . ."[7] We need not decide whether Massachusetts has personal jurisdiction over the defendant, a nonresident; we shall assume that it does. See note 7, *supra.*

We proceed to other provisions of the uniform act to determine whether a Massachusetts court may, under provisions of that act, *exercise* its (assumed) jurisdictional power over the defendant.

It is particularly helpful to recall that "[p]rior to the enactment of M.G.L.A. c. 209D it was possible for Massachusetts and other jurisdictions to have jurisdiction over the same child support matter. . . . [The uniform act] attempts to resolve the multiple jurisdiction problem by providing for one forum to have continuing and exclusive jurisdiction to establish or modify a child support order." Kindregan & Inker, Family Law and Practice, § 28.6, at 110 (1996).

Thus, under the sections quoted below, if only one tribunal has issued a valid child support order, that tribunal has continuing and exclusive jurisdiction of the subject matter, and its jurisdiction must be recognized by other States.[8]

Section 2-207 of the uniform act provides, in part, as follows:

[6]The uniform act is in effect in thirty-four jurisdictions but not in Georgia. See 33 M.G.L.A. 123-124 (West 1997 Supp.). As discussed *infra*, Georgia, in 1958, adopted a predecessor to the uniform act.

[7]Section 2-201 describes eight circumstances any one of which may give Massachusetts personal jurisdiction over a nonresident. The plaintiff's affidavit asserts she has satisfied five of those conditions. The defendant makes no argument to the contrary, and in view of the result we reach, it is not necessary to assess the validity of that assertion.

[8]But if, under the law of the foreign jurisdiction which originally issued the support order, another State is given the power to modify the order of the first jurisdiction — because no child and neither contestant is any longer a resident of the first jurisdiction, see, e.g., G. L. c. 209D, § 2-205(*a*)(1) — then the State first issuing the child support order would no longer have continuing exclusive jurisdiction. The Federal act would reach the same result. See 28 U.S.C. 1738B (e)(2)(A) (1994), & Pub. L. 104-193, Title III, § 322, 110 Stat. 2221 (1996).

"Recognition of Child Support Orders.

"(a) If a proceeding is brought under this chapter, and one or more child support orders have been issued in the commonwealth or another state with regard to an obligor and a child, a tribunal of the commonwealth shall apply the following rules in determining which order to recognize for purposes of continuing, exclusive jurisdiction:

"(1) If only one tribunal has issued a child support order, the order of that tribunal must be recognized.

"   . . .

"(b) The tribunal that has issued an order recognized under subsection (a) is the tribunal having continuing, exclusive jurisdiction."

Section 2-205(*d*) of the uniform act qualifies the availability of § 2-207(*a*) and (*b*).[9] Section 2-205(*d*) provides that "[a] tribunal of the commonwealth shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order *pursuant to a law substantially similar to this chapter*" (emphasis added). In 1958, Georgia adopted the Uniform Reciprocal Enforcement of Support Act, Ga. L. 1958, at 34, § 34. See Ga. Code Ann. §§ 19-11-40 et seq. (1991). That act, as subsequently amended, is still in effect. *Ibid.* The uniform act adopted by Georgia is a predecessor to the uniform act adopted in Massachusetts in 1995, and under the provisions of G. L. c. 209D, § 1-101(7), the Uniform Reciprocal Enforcement of Support Act is deemed to be "substantially similar to" c. 209D.

We conclude that Georgia, being the only State that has issued a child support order in this matter, is entitled to exercise continuing, exclusive jurisdiction over the parties regarding child support orders.

We need comment on the Federal act only briefly. "Where the Massachusetts court is the second court to be called upon to

---

[9]In 1996, the uniform act was modified, although the modifications have not yet been adopted in Massachusetts. Uniform Interstate Family Support Act, 9 U.L.A. 172 (1997 Supp.). Section 2-207 has been substantially revised (and renumbered as § 207). *Id.* at 287-288. The revisions make it clear, inter alia, that continuing jurisdiction must, in any event, satisfy the provisions of § 2-205 (renumbered § 205). *Id.* at 285.

adjudicate a . . . [child support] dispute, it must also satisfy the jurisdictional demands of" the Federal act — the act upon which the judge relied. *Delk* v. *Gonzalez*, 421 Mass. 525, 531 (1995).

The demands of the Federal act are clearly revealed in a "Statement of Policy" in which Congress declared that "it is necessary to establish national standards under which the courts of the various States shall determine their jurisdiction to issue a child support order and the effect to be given by each State to child support orders issued by the courts of other States." Pub. L. 103-383, § 2(b), 108 Stat. 4063 (1994). It is within that context that a purpose of the Federal act is declared to be the avoidance of "jurisdictional competition and conflict among State courts in the establishment of child support orders." *Id.* at § 2(c)(3).

Because we have concluded that Massachusetts may not modify the Georgia support order, Massachusetts law is entirely consistent with the "objectives of the federal program," *Delk* v. *Gonzalez*, *supra* at 531, quoting from *Archambault* v. *Archambault*, 407 Mass. 559, 567 (1990) (other citation omitted), and the Federal act does not, because it need not, preempt Massachusetts law.[10] See also note 2, *supra*.

The order allowing the defendant's motion to dismiss those portions of the complaint related to child support is affirmed. The order denying the plaintiff's motion for reconsideration is affirmed. The defendant's request for costs and attorney's fees is denied.

*So ordered.*

---

[10]That is to say, the Federal act would reach the same result as does Massachusetts law. It is undisputed that the defendant continues to be a resident of Georgia, and Massachusetts may not modify the Georgia order. See 28 U.S.C. § 1738B(e)(2)(A) (the second jurisdiction may modify the child support order of the issuing jurisdiction only if the first jurisdiction no longer has continuing exclusive jurisdiction because it is no longer the residence of the child or of any contestant). See *Child Support Enforcement Div. of Alaska* v. *Brenckle*, 424 Mass. 214, 221 n.13 (1997).