OFFICE OF CHILD SUPPORT ENFORCEMENT v.
John R. COOK

CA 97-444 959 S.W.2d 763

Court of Appeals of Arkansas
Division I
Opinion delivered January 28, 1998

*Grider Law Firm, PLC,* by: *Murrey L. Grider,* for appellant.

*Robert H. Crank,* for appellee.

OLLY NEAL, Judge. The Office of Child Support Enforcement has brought this appeal from an order of the Lawrence County Chancery Court that registered and modified a Florida child-support order. For reversal of the chancellor's order, appellant contends that the chancellor committed error in modifying the Florida order of support, and in failing to grant its motion for a new trial. We agree with appellant that, under the Uniform Interstate Family Support Act (UIFSA), Ark. Code Ann. §§ 9-17-101 through 9-17-905 (Repl. 1993), the chancellor erred in modifying the Florida support order, and reverse and remand this matter to the trial court.

Linda Cook obtained a divorce by default from appellee John Cook on April 3, 1996, in Florida's Seminole County Circuit Court. She received custody of the couple's two minor children. The divorce decree obligated appellee to pay $203.25 per week in child support to Ms. Cook. On August 22, 1996, appellant filed

an action under UIFSA to register the Florida order in Lawrence County Chancery Court and to obtain judgment against appellee for child-support arrearages. In his response, appellee alleged that he had not been properly served with notice of the Florida divorce proceedings and asserted that the child-support obligation of $203.25 per week for two minor children was "not remotely based upon [appellee's] ability to pay support and amounts to a grossly unrealistic support order. . . ." He requested that the child-support arrearage be held unenforceable, and asked that the Lawrence County chancellor reduce his child-support obligation in accordance with his take-home pay.

At the hearing, appellant presented evidence that, based upon the Florida support order, appellee owed Ms. Cook $3,252 in child support. Appellee testified that, although he had signed some papers at the sheriff's office in December 1995, the only document he had received was a summons and that he had not received copies of the divorce complaint or the decree. Appellee stated that he had not been able to afford an attorney to represent him in the Florida divorce and admitted that he had known that a lawsuit had been filed against him. Appellee also introduced into evidence his income tax return for 1995 that listed his adjusted gross income as $2,898. He testified that, at present, his take-home pay is $250 per week.

At the conclusion of the hearing, counsel for appellant argued that the chancellor should not modify the Florida decree. The chancellor responded in the following manner:

> Well, let me put it this way. I've heard the testimony, and I've looked at the tax return, and I've looked at the judgment that was entered in the divorce decree, and regardless of whether Florida wants to accept the modification or not, if they want it collected in the State of Arkansas, they will have to accept the modification. . . .

The chancellor also stated that, based upon appellee's present take-home pay, appellee should be required to pay $68 a week in child support and indicated that he would grant judgment for the arrearage based only upon this amount.

In the order registering the Florida decree, the chancellor made the following findings and conclusions:

> 2. The Court finds that the foreign judgment, Linda Weir Cook vs. John Raymond Cook, in the Circuit Court of Seminole County, State of Florida, No. 95-3316-DR 01 A, entered April 3, 1996, is hereby registered with this Court for enforcement purposes pursuant to UIFSA, and is hereby given "full-faith-and-credit" pursuant to the Constitution of the United States and the State of Arkansas. That the aforementioned foreign judgment is enforceable as if it were issued by this Court.
>
> 3. That the [appellee] has accrued child support arrearage in the amount of $2,400.00 as of OCTOBER 11, 1996, for which Plaintiff is hereby granted Judgment. . . .
>
> 4. That the [appellee's] current child support obligation shall be $68.00 per week, with an additional 10% of [appellee's] net income per week going toward accrued arrearage, to begin at the [appellee's] next regularly scheduled child support payment due date following this hearing. Deviation from the chart is supported by evidence presented to the Court and so noted on the record pursuant to Ark. Code Ann. § 9-12-312.

We agree with appellant that the chancellor erred in modifying the Florida support order. In 1993, the legislature enacted Act 468 of 1993, which repealed the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) and adopted UIFSA in its place. See *Jefferson Co. Child Support Enforcement Unit v. Hollands*, 327 Ark. 456, 939 S.W.2d 302 (1997); *Office of Child Support Enforcement v. Troxel*, 326 Ark. 524, 931 S.W.2d 784 (1996). Arkansas Code Annotated § 9-17-603(c) (Repl. 1993) provides:

"Except as otherwise provided in Article 6, a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction."

The following limitations are placed upon modification of child-support orders issued in other states:

> (a) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if, after notice and hearing, it finds that:

(1) the following requirements are met:

(i) the child, the individual obligee, and the obligor do not reside in the issuing state;

(ii) a petitioner who is a nonresident of this state seeks modification; and

(iii) the respondent is subject to the personal jurisdiction of the tribunal of this state; or

(2) an individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent in the issuing tribunal providing that a tribunal of this state may modify the support order and assume continuing, exclusive jurisdiction over the order.

(b) Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.

(c) A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state.

Ark. Code Ann. § 9-17-611 (Repl. 1993).

 Clearly, appellee satisfied none of the requirements with respect to the limitations placed upon the modification of child-support orders issued in other states. The mother and child remain Florida residents, and they have not consented to the jurisdiction of the Lawrence County Chancery Court.

 Appellee contends that, as provided in Ark. Code Ann. § 9-17-607(a)(5), he had a defense under the law of this state to the remedy sought because the Florida order required him to pay "more child support per week than he had income per week. . . ." Appellee has, however, provided us with no authority holding that, even though he failed to appeal from the Florida order, he can now assert that his child-support obligation was more than he could pay per week. We note the lack of correlation between appellee's weekly income and his weekly child-support obligation. Nevertheless, the reduction of appellee's weekly child-support obligation requires application to the issuing tribunal — Florida's Seminole County Circuit Court. In the Lawrence County order,

the chancellor held that the Florida divorce decree was entitled to full faith and credit, and appellee has not filed a cross-appeal from this finding. Therefore, there is no real question presented on appeal as to whether the Florida court had personal jurisdiction over appellee.

■ We are, therefore, compelled to hold that the chancellor erred in modifying the Florida support order. Appellee did not establish a basis for contesting the registration and enforcement of the Florida decree and did not prove that either of the circumstances permitting modification were present. Accordingly, the order of the chancellor modifying the Florida decree is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ROGERS and STROUD, JJ., agree.