JOY GWENN HINTON, Plaintiff v. OTIS LEE HINTON, Defendant

No. COA97-601

(Filed 17 February 1998)

### 1. Divorce and Separation § 565 (NCI4th)— modification of Texas child support order—plaintiff in Texas—no consent to jurisdiction in N.C.

The trial court erred by modifying a Texas child support order where there is no dispute that the Texas courts had jurisdiction to enter the support order under a law substantially similar to Chapter 52C of the General Statutes, North Carolina's version of the Uniform Interstate Family Support Act; the trial court found that plaintiff is a citizen and resident of Texas, so that Texas courts have continuing, exclusive jurisdiction over the matter and a North Carolina court may not modify the order except as provided in N.C.G.S. § 52C-6-611; the first statutory exception does not apply because the individual obligee remains in Texas; and the second does not apply because there is nothing in the record to show that consent has been given for North Carolina to assume continuing, exclusive jurisdiction.

### 2. Divorce and Separation § 565 (NCI4th)— Texas child support order—modification—federal statute—no written consent

The trial court's modification of a Texas support order violated 28 USCA § 1738B, which requires consent in writing from all parties for another state to modify a child support order entered with jurisdiction, notice and an opportunity for hearing when the child or either party continues to reside in the state that originally issued the order.

Appeal by plaintiff from order entered 21 March 1997 by the Honorable J. Larry Senter in Franklin County District Court. Heard in the Court of Appeals 13 January 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Gerald K. Robbins, for plaintiff-appellant.*

*Jolly, Williamson & Williamson, by W. J. Williamson for defendant-appellee.*

**HINTON v. HINTON**

[128 N.C. App. 637 (1998)]

WYNN, Judge.

The sole issue in this appeal is whether the North Carolina trial court erred by modifying a Texas order for child support. The obligee continues to reside in Texas. Under the Uniform Interstate Family Support Act ("UIFSA"), which both North Carolina and Texas have enacted, where an obligee remains in the state that originally issued a child support order, a court of another state may not modify the support order without the consent of all parties. As the record does not show that all parties have filed the written consent necessary to allow a North Carolina court to modify the original order, the trial court erred by modifying the child support order. We therefore vacate the modification order and remand.

In June of 1992, the district court in Bell County, Texas, granted a divorce to plaintiff Joy Gwenn Hinton and defendant Otis Lee Hinton. Custody of the two children went to Mrs. Hinton. The divorce decree set Mr. Hinton's child support obligation at $800.00 per month, but the next year the support obligation was lowered to $500.00 by the Texas court.

Mrs. Hinton remained in Texas with the children while Mr. Hinton moved to this state. In March of 1996, the child support order was registered in North Carolina. Following registration of the order, Mr. Hinton moved that the North Carolina trial court modify the amount of his child support order, based on the changed circumstance of one of his children joining the military.

On 29 January 1997 the trial court entered an order reducing the child support to $250.00 per month. Mrs. Hinton moved for a new trial and for additional findings of fact. In response to the latter motion, the trial court found as fact that "the Plaintiff in this matter, Joy Gwenn Hinton, is a citizen and resident of the State of Texas." The trial court denied the motion for a new trial.

Plaintiff appeals.

[1] North Carolina's version of UIFSA is codified in Chapter 52C of the General Statutes. *See* N.C. Gen. Stat. §§ 52C-1-100 to 9-902 (1995 & Supp. 1997). The recent amendments to Chapter 52C, *see* N.C. Gen. Stat. § 52C-1-100 official cmt. (Supp. 1997), are not applicable to this case, and therefore this opinion refers to the pre-amendment sections of Chapter 52C. However, we note that the amendments did not substantively change the law upon which this opinion is based.

N.C. Gen. Stat. § 52C-2-205(d) (1995) provides that "[a] tribunal of this State shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child support order pursuant to a law substantially similar to this Chapter." The official comment to that section explains that:

> This section is perhaps the most crucial provision in UIFSA. . . . [T]he issuing tribunal retains continuing, exclusive jurisdiction over the support order, except in very narrowly defined circumstances.

N.C. Gen. Stat. § 52C-2-207(a) provides:

> If a proceeding is brought under this Chapter, and one or more child support orders have been issued in this or another state with regard to an obligor and a child, a tribunal of this State shall apply the following rules in determining which order to recognize for purposes of continuing, exclusive jurisdiction:
>
> (1) If only one tribunal has issued a child support order, the order of that tribunal must be recognized.

Most pertinent to the present case are N.C. Gen. Stat. § 52-6-603(c) (1995) and N.C. Gen. Stat. § 52C-6-611 (1995). Section 52C-6-603(c) provides that "Except as otherwise provided in this Article, a tribunal of this State shall recognize and enforce, *but may not modify*, a registered order if the issuing tribunal had jurisdiction." (emphasis added). Section 52C-6-611, "Modification of child support order of another state," provides for modification in only two circumstances:

> (a) After a child support order issued in another state has been registered in this State, the responding tribunal of this State may modify that order only if, after notice and hearing, it finds that:
>
> (1) The following requirements are met:
>
> (i) The child, the individual obligee, and the obligor do not reside in the issuing state;
>
> (ii) A petitioner who is a nonresident of this State seeks modification; and
>
> (iii) The respondent is subject to the personal jurisdiction of the tribunal of this State; or
>
> (2) An individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties

have filed a written consent in the issuing tribunal providing that a tribunal of this State may modify the support order and assume continuing, exclusive jurisdiction over the order.

In the subject case, there appears to be no dispute that the Texas courts had jurisdiction to enter the support order under a law "substantially similar" to chapter 52C. Additionally, the trial court found as fact that "the Plaintiff in this matter, Joy Gwenn Hinton, is a citizen and resident of the State of Texas." Therefore, under N.C. Gen. Stat. §§ 52C-2-205(d) and 52C-2-207(a), we must recognize that the Texas courts have continuing, exclusive jurisdiction over the matter.

Since the Texas courts have jurisdiction, section 52C-6-603(c) tells us that a North Carolina court may not modify the order, except as provided in section 52C-6-611. As the individual obligee still resides in Texas, section 52C-6-611's first exception does not apply. Nor does the second exception apply because there is nothing in the record to show that consent has been given for this State to assume continuing, exclusive jurisdiction. Thus, because no exception was applicable, the district court's modification was error.

We recently reached the same conclusion on a similar issue in *Welsher v. Rager*, 127 N.C. App. 521, 491 S.E.2d 661 (1997). In that case, a New York Court entered a support order. While the plaintiff still resided in New York, the defendant moved to North Carolina and fell behind in his child support. After the support order was registered in North Carolina, the plaintiff sued for arrearages. The trial court dismissed the action upon the defendant's unverified written statement that the original support order no longer required him to pay child support. As part of the discussion of that case, we noted that without evidence in the record that the issuing state had lost jurisdiction or that the parties had consented to North Carolina courts having jurisdiction to modify the order, no North Carolina court could modify the order.

[2] Finally, we point out that the trial court's modification of the support order violated a federal statute, 28 U.S.C.A. § 1738B (West Supp. 1997). Under section 1738B, if a child support order is made by a court that had jurisdiction and gave notice and an opportunity for hearing to the parties, a court of another state can not modify the order except as provided. 28 U.S.C.A. § 1738B(a),(c). If either the child or either party continues to reside in the state that originally issued the order, all parties must consent in writing before another

NATIONWIDE MUT. INS. CO. v. DEMPSEY

[128 N.C. App. 641 (1998)]

state may modify the order. 28 U.S.C.A. § 1738B(e). *See also Welsher*, 491 S.E.2d at 665 (discussing and applying section 1738B).

For the reasons given above, we vacate the order modifying the child support order and remand this matter to the district court for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges EAGLES and WALKER concur.