## GOVERNMENT OF THE VIRGIN ISLANDS EX REL: MARIA SIMANCA, Petitioner

### v.

## GILBERT D. PROCTOR, Respondent

Family No. S3/1998

Territorial Court of the Virgin Islands

Division of St. Croix

July 10, 1998

CANDIA ATWATER-SHIELDS, (Assistant Attorney General, Department of Justice, Paternity and Child Support Division), Kingshill, St. Croix, U.S.V.I., *for Petitioner*

MAXWELL D. McINTOSH, (Alkon, Rhea & Hart), Christiansted, St. Croix, U.S.V.I., *for Respondent*

STEELE, *Judge*

### MEMORANDUM OPINION

Before the Court is a challenge to its jurisdiction to modify a child support order. Petitioner, Maria Simanca, seeks to utilize the Virgin Islands as a forum in her quest to either increase the amount of child support paid, or in the alternative, have the Court reconsider the Administrative Hearing Officer's February 12, 1997 decision to reduce support payments. Respondent, Gilbert Proctor,

maintains that pursuant to 16 V.I.C. § 394 of the Uniform Recip-
rocal Enforcement of Support Act, hereinafter URESA, the Terri-
tory lacks the jurisdiction to decide this matter. In the midst of
these proceedings, a new uniform support law, entitled the Uni-
form Interstate Family Support Act, hereinafter UIFSA, was en-
acted in the Virgin Islands, effectively replacing the URESA
statutes.

The Court is therefore confronted with three issues: (1) should
UIFSA be applied retroactively, (2) does the controlling uniform
support act grant jurisdiction to the Territorial Court, and (3) if
jurisdiction is proper in the Virgin Islands, should an interim
increase in child support be granted until this matter is heard
before the Court.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner and Respondent are the birth parents of Christina
Simanca-Proctor, a child born out of wedlock on January 11, 1978.[1]
Although support had to be pursed against the Respondent,
paternity was never questioned.

Petitioner, as a resident of New York State, initially instituted
child support proceedings against the Respondent in the Family
Court of New York in August of 1978. At that time, the Respondent
was residing in the Virgin Islands. This eventually led Petitioner to
file a petition in the Territory on December 6, 1978. Subsequent to
this filing, an order was issued in the Virgin Islands on March 26,
1979 requiring monthly child support payments to be made by the
Respondent. This order was to be the beginning of an ongoing
dispute between Christina's parents concerning the amount of
support the Respondent was capable of providing for his daughter.
The years which followed, saw numerous modification requests
brought by both parties in the Courts of the Virgin Islands,
resulting in several alterations in the amount of support required
to be paid by the Respondent.

---

[1] In the Virgin Islands, parents are only required to support their children up to 18 years of
age. 16 V.I.C. § 342. Although Christina has achieved the age of 20, she is currently
attending college in Wisconsin. Pursuant to 16 V.I.C. § 341(g), the Virgin Islands allows
the Court or a hearing officer the discretion to continue child support for a child
between the ages of 18 and 22 years if said child is a full-time student in a college.

It is the most recent child support modification which ignited the fuel behind this present controversy. In an order dated February 12, 1997, an Administrative Hearing Officer found sufficient evidence to reduce Respondent's support obligation to $100.00 a month.[2] It is not entirely clear from the record before this Court when the Petitioner first contested this decision. However, the file does reveal that a continuance motion submitted by the Petitioner was granted by the Administrative Hearing Officer on July 18, 1997. This continuance referred to Petitioner's motion requesting either modification of child support, or in the alternative, reconsideration of the February decision issued by the Administrative Court. It is these motions which directly led to this instant action.

This matter was transferred by the Administrative Hearing Officer to the Territorial Court due to the existence of complex issues requiring judicial resolution. Upon the motion of the Petitioner, an immediate hearing was held on May 18, 1998 based on the assertion that the Respondent was preparing to leave the Territory in order to avoid possible retroactive child support payments. Although it was suggested at this hearing that another forum, New York, would be better suited to hear this action, the only order issued was that Respondent was to notify the offices of Paternity and Support with his new address once he leaves the Island.

As of May 20, 1998, Respondent no longer resides in the Virgin Islands, nor is he domiciled there. While still owning real property in the Territory, Respondent has proclaimed the State of Tennessee to be his new permanent domicile. With the departure of the Respondent from the Territory, no party of interest currently resides or is domiciled in the Virgin Islands.

## II. DISCUSSION

In order to rule on this jurisdictional question, it is imperative that the Court first determine which uniform child support act is applicable to this case. Once this initial issue is resolved, the Court will be able to conclude whether the Territory may decide this

---

[2] The modification granted by the Administrative Hearing Officer reduced the amount of child support by $200.00 per month.

matter. Finally, the Petitioner's request for an interim increase in child support will only be responded to by the Court if the Territory is found to have jurisdiction.

## A. Retroactive application of UIFSA

After some initial confusion, both parties are in agreement that the original support action was brought under and enforced through the Virgin Islands' statutes which compose URESA. However, in the course of the proceedings leading up to this current decision, counsel for the Petitioner began citing statutes from the newly enacted Virgin Islands uniform child support act entitled UIFSA. It is undisputed that the last modification of child support, as well as Petitioner's request for either reconsideration or modification of this order, began prior to UIFSA's effective date.

An examination into UIFSA reveals a brief history, with the origin of this uniform act tracing back to its incorporation into Bill No. 22-0176, which was passed by the Twenty-Second Legislature of the Virgin Islands. With the inception of this act, the Legislature simultaneously deleted sections 392 through 429 of Title 16 of the Virgin Islands Code, thus repealing the previous law as it stood under URESA. The Governor approved Bill No. 22-0176 on May 5, 1998, thus granting UIFSA the power of law in the Virgin Islands on that date. However, the act is silent as to whether UIFSA is to be applied retroactively or is to be given only prospective effect.

Petitioner does not address the retroactive application issue which accompanies UIFSA. It is merely sufficient to the Petitioner that Respondent owns property in the Territory, and was still a resident of the Virgin Islands on the date that UIFSA was enacted into law. The Respondent on the other hand, asserts that it is the Petitioner's burden to rebut the presumption against retroactive application of UIFSA. As the Petitioner hasn't even attempted to rebut this presumption, Respondent maintains that the Court should not give retroactive effect to this act. Nonetheless, Respondent proceeds to present arguments which assert that UIFSA is a complete overhaul and changing of the law dealing with the reciprocal enforcement of support, and therefore should only be applied prospectively.

Although the Petitioner has asserted no authority for the utilization of the UIFSA statutes in this action, the Court recognizes the

Territory's extreme need for clarification concerning the proper application of this new uniform act to prior child support matters. Therefore, the Court shall determine the retroactive effect of UIFSA so that confusion can be avoided in the Virgin Islands regarding which uniform child support act should control.

As this is a question of first impression in the Virgin Islands, the Court will need to inspect analogous decisions of the Territory, as well as persuasive precedent from other non-controlling jurisdictions, in order to arrive at a decision. There is no dispute that a statute is presumed to be prospective and will not be applied retroactively in the absence of clear legislative intent. *Government Ex Rel. Suarez v. Suarez*, 24 V.I. 3, 8 (Terr. Ct. 1988); *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S. Ct. 407 (1982). However, this presumption only applies to statutes which amend settled law of substantive rights. *Edwards v. Lateef*, 558 A.2d 1144, 1146 (D.C.App. 1989); *Child Support Enforcement v. Brenckle*, 675 N.E.2d 390, 393 (Mass. 1997). In cases where no such specific legislative intent is found, a statute may be applied retrospectively if it is remedial in nature. *Suarez*, 24 V.I. at 8; *Silverlight v. Huggins*, 9 V.I. 123, aff'd, 10 V.I. 638, 488 F.2d 107 (3d Cir. 1973). In fact, remedial legislation is generally retroactive and is not subject to the rule of statutory construction that presumes that laws are prospective. *Henry v. Government*, 11 V.I. 123, 124-125 (D. VI 1975).

In order to determine if UIFSA is remedial in nature, the Court finds it beneficial to ascertain the nature of URESA, the immediate predecessor of UIFSA in the Virgin Islands. Several jurisdictions, including our own, have found that the purpose behind URESA was to provide a uniform method of enforcement of duties of support. *Government Ex Rel. Dillon v. Pearce*, 30 V.I. 61 (Terr. Ct. 1994); *Edwards*, 558 A.2d at 1145. URESA is procedural and not substantive, and therefore does not create support duties but instead provides an enforcement mechanism for these duties. See Tina M. Fielding, *The Uniform Interstate Family Support Act: The New URESA*, 20 U. Dayton L.Rev. 425, 430-431 (1994). Additionally, numerous courts have decreed that URESA is properly characterized as remedial. *Edwards*, 558 A.2d at 1147; *Scully v. Schubert*, 583 A.2d 93, 95 (Vt. 1990); *Brenckle*, 675 N.E.2d at 393. The Supreme Court of Vermont held that URESA has a remedial purpose and

32

should be construed liberally to effectuate its objectives. *Scully*, 583 A.2d at 95.

As with URESA, it is clear that UIFSA does not create a duty of support, but merely provides the procedural framework for enforcing one State's support order in another jurisdiction. *Brenckle*, 675 N.E.2d at 393. UIFSA is similar to URESA in its terms and provisions, and was introduced simply to provide improvement upon the support collection and enforcement concepts embodied in prior uniform support acts. See Tina M. Fielding, *The Uniform Interstate Family Support Act: The New URESA*, 20 Dayton L.Rev. 425, 453 (1994). As a remedial statute, UIFSA should be applied retroactively, since this act does not affect substantive rights. *Brenckle*, 675 N.E.2d at 393.

■ It is obvious to this Court that no substantive right of the Respondent would be altered if UIFSA would be applied retroactively in the Virgin Islands. The Court notes that while other jurisdictions specifically provide for which uniform act to utilize in instances where support actions were brought prior to the effective date of UIFSA[3], the Virgin Islands' version of UIFSA possesses no such provision. Seeing that UIFSA was created for the purpose of improving the enforcement of support and is an act remedial in nature, the Court finds that it is in the best interests of the Virgin Islands to apply the statutes of UIFSA retroactively, thereby relieving the Territory of any confusion as to which uniform support act should apply.

## B. Jurisdiction of the Territorial Court under UIFSA

Upon determination that the recently adopted uniform act of UIFSA is to be applied retroactively in the Virgin Islands, the Court must now focus its attention on whether this new law bestows jurisdiction onto the Territory to hear this matter. After careful examination of the applicable statutes controlling this issue, the Court holds that the Virgin Islands lacks jurisdiction to decide this

---

[3] See *Cowan v. Moreno*, 903 S.W.2d 119, 121 (Tex.App.—Austin 1995) (UIFSA law in Texas which provided that: "This Act takes effect September 1, 1993, and applies only to an order, decree, or judgment entered on or after that date"). See also *Welsher v. Rager*, 491 S.E.2d 661, 664 (N.C.App. 1997) (North Carolina's UIFSA law which specifically kept URESA laws in effect in certain instances).

support action, and therefore grants Respondent's motion to dismiss Petitioner's complaint.

Under UIFSA, the statute which governs whether the Territory maintains jurisdiction in a support matter is 16 V.I.C. § 400. This section, entitled "Continuing, Exclusive Jurisdiction," provides in part that:

(a) A Tribunal of this territory issuing a support order consistent with the law of this Territory has continuing, exclusive jurisdiction over a child-support order:

(1) as long as this territory remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until all of the parties who are individuals have filed written consents with the tribunal of the territory for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

16 V.I.C. § 400.

Petitioner asserts that it is subparagraph (a)(2) of Section 400 which mandates that the Virgin Islands must retain jurisdiction. It is undisputed that the Territory is the only forum to have issued a child support order for the care of Christina. As such, the Petitioner contends that pursuant to 16 V.I.C. § 400, the Virgin Islands has continuing, exclusive jurisdiction over support modifications, regardless of the domicile of the parties of interest, as long as a unanimous written agreement to transfer the support matter to another jurisdiction has not been entered into by the parties. However, Petitioner has misinterpreted the language of the statute.

UIFSA attempts to eliminate the problem of multiple support orders among various states by providing for one tribunal to have continuing and exclusive jurisdiction to establish or modify a child support order. *Peddar v. Peddar*, 683 N.E.2d 1045, 1047 (Mass.App.Ct. 1997); *Brenckle*, 675 N.E.2d at 392. It accomplishes this goal by removing discretion from the jurisdictions and dictating which forum must continue to determine support issues. Although Petitioner is correct in her contention that 16 V.I.C. § 400 governs the jurisdictional question in this matter, her interpreta-

34

tion of subparagraph (a)(2) is erroneous. Once a support order is issued in the Virgin Islands, Section 400 provides that the Territory must continue to assert exclusive jurisdiction over a child support order as long as one of the interested parties **remains** a resident of the Virgin Islands. (emphasis added) 16 V.I.C. § 400(a)(1). Subparagraph (a)(2) of this section is merely added so as to allow the parties a means to circumvent this mandatory jurisdictional law. Without subparagraph (a)(2), as long as one of the individuals of interest resided in the jurisdiction which issued the last support order, the parties would have no choice but to subject themselves to this tribunal, regardless of the unified wishes of all involved to allow a more convenient forum to determine the matter.

■ As long as one of the parties remains in the initiating state, that state can modify the order if it so desires. See Tina M. Fielding, *The Uniform Interstate Family Support Act: The New URESA*, 20 U. Dayton L.Rev. 425, 461 (1994). However, once all of the parties involved leave the state, jurisdiction ceases within the forum, as the issuing state no longer has a nexus with the parties or the child. UIFSA recognizes that it is inappropriate to litigate a support order in the initiating state where neither the obligor, the obligee, or the child has any connection with that state. Additionally, it is unfair to inconvenience all involved by requiring both parties to travel to the original state. *Id.* at 461. Although the Court recognizes that the Respondent still owns real property in St. Croix, no party of interest remains a resident of the Virgin Islands, and therefore, pursuant to 16 V.I.C. § 400, the Territory has no alternative but to grant the dismissal motion submitted by the Respondent.[4] The question as to whether the Virgin Islands has personal jurisdiction over the Respondent is unimportant in this case, as the Court must have jurisdiction under UIFSA as well. This supports one of the major purposes behind UIFSA, which was to limit the number of possible forums that could hear a support matter to one.

In *Child Support Enforcement v. Brenckle*, 675 N.E.2d 390 (Mass. 1997), the Supreme Judicial Court of Massachusetts reached an identical interpretation to the meaning of continued, exclusive

---

[4] The Court notes that under the prior Virgin Islands support act, URESA, jurisdiction in the Territory would have been denied the Petitioner pursuant to 16 V.I.C. § 394.

jurisdiction under UIFSA[5] as this Honorable Court has. The Court in *Brenckle* held that once a court enters a support order, no other court may modify that order **as long as** the obligee, obligor, or the child continues to reside within the jurisdiction of the court **unless** each party consents in writing to another jurisdiction. (emphasis added) *Child Support Enforcement v. Brenckle*, 675 N.E.2d 390, 392 (Mass. 1997). Similar to the Territory's interpretation, the Massachusetts' Court found that subparagraph (a)(2) was created as an exception, allowing for a method to exist where parties in agreement could transfer jurisdiction, even though an individual of interest remained a resident of the issuing state.

The Court is appreciative of Petitioner's claims that Respondent is fleeing the Territory in order to avoid the laws of the Virgin Islands. Accepting this assertion as truth, the Court would still be powerless against this proposed mode of "forum shopping." The statute requires at least one individual of interest to **remain** a resident of the Territory. Although Respondent was residing in the Virgin Islands at the commencement of this action, he has subsequently reestablished his domicile to Tennessee, thus he no longer "remains" a resident of the Territory.

Petitioner urges this Court to hear this case as the jurisdictions of Tennessee and New York will most likely not entertain this complaint. Even if the statute would allow this Court to take this assertion under consideration, the Petitioner offers no proof to substantiate these contentions. While this decision may appear at first blush to be harsh, nothing obstructs the Petitioner, as obligee, or the child Christina, from becoming residents of the Virgin Islands. Additionally, the Court notes that the Petitioner had the

---

[5] The Massachusetts' UIFSA statute in question, Chapter 209D § 2-205, mirrors that of 16 V.I.C. § 400 of the Virgin Islands Code. § 2-205 of the Massachusetts' code provides in part that:

(a) A tribunal of the commonwealth issuing a support order consistent with the law of the commonwealth has continuing, exclusive jurisdiction over a child support order:

(1) as long as the commonwealth remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until each individual party has filed written consent with the tribunal of the commonwealth for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

opportunity on May 18, 1998, during a hearing conducted solely on her request, to enter evidence before this Court concerning this very matter, but failed to do so. To grant jurisdiction based exclusively on Respondent's ownership of real property in the Territory, would not only go against the language of the statute, but would defeat UIFSA's goal of uniformity.

As the Court holds that the Virgin Islands lacks capacity to decide this action, Petitioner's request for an interim increase in child support will have to be presented to a forum of proper jurisdiction for determination.

## III. CONCLUSION

This Court has been presented with a unique circumstance during the proceedings of this action. The uniform support act, URESA, which was the law in the Virgin Islands at the commencement of this case, has been repealed and replaced with a new act, entitled UIFSA. Without asserting any authorization other than the enactment date, Petitioner cites statutes incorporated in this new act as authority for granting jurisdiction. As UIFSA is silent concerning the retroactive application of its provisions, the Court recognizes the magnitude of this question for this case, and for future cases to come.

Finding that UIFSA is a remedial statute created to provide improvement in the enforcement of support matters, the Court holds that this uniform act is to be applied retroactively as it will have no effect on the substantive rights of the parties. Included in this consideration is the importance of avoiding confusion in the Territory regarding which uniform support act to apply.

Upon determining that UIFSA is to be applied retroactively, the Court next turns its attention to the contents of the newly enacted support act. The pivotal section in this act was 16 V.I.C. § 400, which provides the requirements for maintaining continuing, exclusive jurisdiction in a forum. To assist in its interpretation of Section 400, the Court examined the language of the statute, along with the guidance of other jurisdictions which have dealt with similar issues. After a thorough investigation, this Court holds that 16 V.I.C. § 400 requires that once the Virgin Islands issues a support order, at least one individual of interest in the action must

remain a resident of the Territory in order for this forum to maintain jurisdiction over subsequent support proceedings. The purpose behind this reasoning is to limit the number of tribunals capable of hearing a support matter to one. As no party in this action currently resides on the Island, the Court is faced with no option but to grant the Respondent's motion to dismiss Petitioner's support case for want of jurisdiction.

Finally, as the Court now lacks the jurisdiction to decide the amount of child support to be provided by the Respondent for Christina, Petitioner's request for an interim increase in support is denied.