In re the MARRIAGE OF Wade A. ZINKE, Appellee,

and

Kori Lynn Wavra, Appellant.

No. 97CA2152.

Colorado Court of Appeals, Div. IV.

Oct. 1, 1998.

Evan Freirich, P.C., Evan Freirich, Boulder, for Appellee.

Law Office of Timms R. Fowler, Timms R. Fowler, Fort Collins, for Appellant.

Opinion by Judge KAPELKE.

Kori Lynn Wavra (wife) appeals from the trial court's orders determining that it had subject matter jurisdiction to rule on a motion for child support filed by Wade A. Zinke (husband), and approving a stipulated support order. We vacate the orders.

The parties were divorced in Montana in 1982. At that time, wife was granted custody of the minor child and father was ordered to pay child support. In 1991, wife agreed to allow the child to live with father in Colorado. It is undisputed that wife continues to reside in Montana while father and the child now reside in this state.

In 1996, husband filed a verified petition for custody under § 14–10–123, C.R.S.1998, and a motion under the Uniform Child Custody Jurisdiction Act (UCCJA), § 14–13–101, et seq., C.R.S.1998, for a determination of custody jurisdiction.

The trial court entered two orders concerning jurisdiction as to the issue of custody. In October 1996, after conferring with the court in Montana, the trial court determined that the courts of both Montana and Colorado had custody jurisdiction. However, the decision regarding which court should exercise that jurisdiction was deferred until the parties had had an opportunity to present their positions. After again conferring with the Montana court, the court ruled in February 1997 that Colorado was the more convenient forum to exercise jurisdiction regarding "ongoing child support, custody, parenting time, and related issues."

In April 1997, husband filed a motion for establishment of child support, asserting that the voluntary change of custody constituted a continuing and substantial change in circumstances that warranted entry of an order requiring wife to pay child support to him from the date that the change in physical custody had occurred. Wife sought dismissal of the motion for child support and an amendment of the Colorado court's order, asserting that the UCCJA does not apply to support actions and that the trial court lacked both personal and subject matter jurisdiction to modify the Montana support decree. The court summarily denied wife's motion on June 18, 1997.

Based upon the rulings on jurisdiction, and without waiving their positions concerning the court's jurisdiction and other unresolved issues, the parties stipulated in September 1997 to parenting time and child support pending review. The court entered its order approving that agreement on October 28, 1997, and wife's appeal was timely filed from that order.

I.

Wife contends that the Colorado court lacked subject matter jurisdiction to establish child support because the Montana court had previously issued a support order and, therefore, under the Uniform Interstate Family Support Act (UIFSA), § 14–5–101, et seq., C.R.S.1998, retained continuing and exclusive jurisdiction to modify that order. Thus, wife contends that the orders determining that the Colorado court had jurisdiction over the issue of child support were erroneous and that the later order purporting to modify the Montana child support order was void. We agree.

The issue of subject matter jurisdiction may be raised at any time, and the right to do so cannot be waived. *In re Marriage of Tonnessen,* 937 P.2d 863 (Colo.App.1996).

As wife points out, the provisions of the UCCJA relate only to child custody and visitation. *See In re Marriage of Mowrer,* 817 P.2d 612 (Colo.App.1991). The sole issue

here, however, concerns modification of child support. Accordingly, the trial court erred in concluding that it had jurisdiction under the UCCJA to modify child support. We must therefore determine whether the exercise of jurisdiction was appropriate on some other basis.

## II.

■ Husband argues that, because this action was filed under the Uniform Dissolution of Marriage Act (UDMA), § 14–10–101, et seq., C.R.S.1998, the court had a proper basis for exercising jurisdiction as to child support. In advancing this argument he points to § 14–5–103, C.R.S.1998, of the UIFSA which states that the remedies under that Act are "cumulative and do not affect the availability of remedies under other law."

However, we agree with wife that the UDMA does not grant the Colorado court the power to decide support issues when wife's only contact with Colorado was her granting of consent for the child to reside in this state with his father. *Cf. In re Marriage of Ness,* 759 P.2d 844 (Colo.App.1988) (in personam jurisdiction can be exercised by the courts of Colorado only if defendant has "minimum contacts" with the state).

## III.

■ Alternatively, husband argues that jurisdiction was exercised appropriately under §14–5–201(5), C.R.S.1998, because the child was residing in this state "as a result of the acts or directives" of wife.

To accept his argument, however, we would have to ignore the principle established by *Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). There, the Court determined that the father's acquiescence in the child's desire to live with the mother was not a sufficient contact to support exercise of personal jurisdiction over him in the state where mother resided. Like the drafters of the UIFSA, we are unwilling to ignore *Kulko.*

Although *Kulko* was decided before the adoption of the UIFSA, we conclude that application of that Act's provisions would not lead to a different result.

■ The goal of the UIFSA was to provide mechanisms to address problems, such as multiple or conflicting support orders regarding the same parties and children, that had previously persisted in the interstate enforcement of child support. *People in Interest of R.L.H.,* 942 P.2d 1386 (Colo.App. 1997).

Section 14–5–201(5) provides for the exercise of personal jurisdiction over a nonresident individual if the child resides in this state as a result of the acts or directives of the individual.

This section is part of what is commonly described as the long-arm jurisdiction provision of the UIFSA, which was intended to be as broad as constitutionally permitted. Nevertheless, the Commission that recommended adoption of the UIFSA rejected the suggestion that child support orders be based upon "child-state" jurisdiction, pursuant to which, as husband argues here, the duty of support itself and the location of the child would provide the jurisdictional nexus for the issuance of a support order. Sampson & Kurtz, *UIFSA: An Interstate Support Act for the 21st Century,* 27 Fam. Law Q. 85 (1993)(Comment at 112); *cf. In re Marriage of Mowrer, supra* (deferring modification to courts of state where initial support order entered under pre-UIFSA law).

Further, in determining the scope of the court's jurisdiction over wife, we must consider other relevant provisions of the UIFSA in order to ensure that our interpretation is harmonious. *See People in Interest of R.L.H., supra.*

Section 14–5–205(d), C.R.S.1998, provides that a court of this state must recognize the continuing, exclusive jurisdiction of a tribunal of another state that has issued a child support order pursuant to law substantially similar to the UIFSA. In this case, there is no dispute that the Montana court had jurisdiction to enter the support order and that it did so under a law "substantially similar" to the UIFSA.

Section 14–5–205(d) has been described as perhaps the most crucial provision of the UIFSA. Under that provision, absent a

written agreement by the parties to the contrary, as long as one of the individual parties or the child continues to reside in the issuing state, the issuing tribunal retains continuing, exclusive jurisdiction over its order. *See* Uniform Interstate Family Support Act, 9 *Uniform Laws Annot.* 272 (1996) (Comment at 285).

Section 14–5–611(a)(1), C.R.S.1998, does allow the modification of a child support order that was issued in another state and was registered in this state after notice. However, such modification is permitted only if: (1) the child, the individual obligee, and the obligor do not reside in the issuing state; (2) a petitioner who is a nonresident of this state seeks modification; and (3) the respondent is subject to the personal jurisdiction of the tribunal of this state.

Here, the first two requirements of § 14–5–611(a)(1) have not been met.

In addition, under § 14–5–611(a)(2), C.R.S. 1998, the Colorado court would be authorized to modify the child support order of the Montana court if it were shown that the child and the parents were subject to the personal jurisdiction of this state *and* that all had filed written consents in the state of Montana agreeing that the Colorado court could modify the prior order and assume continuing, exclusive jurisdiction over it. Because there was no such consent here, however, the state of Montana retains continuing, exclusive jurisdiction over the issue of modification of child support.

Courts of other states have reached the same conclusion in considering the issue of modification of child support under the UIF-SA. *See Office of Child Support Enforcement v. Cook,* 60 Ark.App. 193, 959 S.W.2d 763 (1998); *Peddar v. Peddar,* 43 Mass.App. 192, 683 N.E.2d 1045 (1997); *Hinton v. Hinton,* 128 N.C.App. 637, 496 S.E.2d 409 (1998); *Link v. Alvarado,* 929 S.W.2d 674 (Texas App.1996).

In light of our disposition, we need not address wife's contentions concerning the effect of husband's failure to register the orders of the Montana court.

Accordingly, the orders determining that the Colorado court had jurisdiction over child support and modifying the support order previously entered by the Montana court are vacated.

NEY and ROY, JJ., concur.